IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BATESVILLE CASKET COMPANY, INC.,

          Plaintiff,

v.                                        CIVIL ACTION NO.  5:11-cv-00872

ADAM TOLER MEMORIAL FUNERAL
HOME, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Plaintiff's Interim Motion for Attorneys' Fees (Document 16) and Plaintiff's Supplemental Motion for Attorneys' Fees and Costs (Document 35). After careful consideration of the motions, supporting memoranda and all written submissions relative thereto, the Court grants the motions, and awards reasonable attorneys' fees and costs to Plaintiff in the total amount of $14,404.24.

*I.*

Plaintiff moves for attorneys' fees and costs pursuant to Rules 54(d)(1) and (2) of the Federal Rules of Civil Procedure. In its Complaint (Document 1), Plaintiff asserted a claim arising out of a contract between it and Defendants, Adam Toler Funeral Home, Inc., and Donna Toler. The credit agreement for the sale of goods between Plaintiff and Defendant Adam Toler Memorial Funeral Home, Inc., was signed by Defendant Donna Toler. The pertinent portion of the Agreement provides for attorney fees and costs in the event the purchaser (Defendants)

defaults on their obligation to pay any amount due to the seller (Plaintiff).[1]  The Court finds that Plaintiff is entitled to attorneys' fees and costs pursuant to the Agreement.

## II.

To determine a reasonable fee, the Court uses the lodestar method. *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998).  In calculating an award of reasonable attorneys' fees, the Court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008).

In consideration of what constitutes a "reasonable" number of hours and a "reasonable" rate, the Court is guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009) (citation omitted). Subsequent to determining the lodestar figure, the Court "should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom,* 549 F.3d at 321 (citation and quotation omitted). "[T]he Court must exclude any hours that are excessive, redundant, or otherwise unnecessary."  *Allen v. Monsanto Company*, 2007 WL 1859046 at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "The Court may pour through the submitted records and

---

[1] The Agreements states that "[i]f the Purchaser herein after shall be in default to any amount due the Seller or fail to perform any other obligations to Seller upon such default all obligations of the Purchaser to the Seller shall become immediately due and payable. . . . The Purchaser agrees to pay in additional to all other sums otherwise due, including interest, all costs of collections, including reasonable attorney fees and court costs in the event of any such default." (Document 16 Ex. A.)

subtract item by item those hours believed to be excessive." *Allen,* 2007 WL 1859046 at *2 (citing *Central Cab. Co., Inc. v. Cline,* 972 F.Supp. 370, 374 (S.D. W.Va. 1997)). "Alternatively, the Court may reduce the fee award by a percentage 'as a practical means of trimming fat from a fee application'" *Allen,* 2007 WL 1859046 at *2 (quoting *New York State Ass'n Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1146 (2d Cir. 1983)).

With respect to the twelve factors, Plaintiff declares this case required a moderate amount of the time and labor. In his affidavit, Plaintiff's counsel, J. Miles Morgan, states that he did the following work: prepared and served the Complaint (Document 1); emailed and corresponded with Defendants' debt representative regarding settlement; and drafted motions and supporting documents for the motion for default, the motion to amend complaint, the motion to reopen case and the motion for attorneys' fees. (Document 35-1 at 1-2.) Additionally, Mr. Morgan represents that he drafted and served applications for post-judgment pleadings. (*Id*. at 2.) As of January 31, 2012, Mr. Morgan billed Plaintiff a total of 50 hours at a rate of $200.00 per hour for his legal services. Additionally, Plaintiff was billed a total of .10 hours at a rate of $75.00 per hour for paralegal services. As of January 31, 2012, Plaintiff also incurred $693.83 in costs. (*Id*.) Thus, Plaintiff requested $10,701.33 in attorneys' fees and costs in its initial motion. (Document 16-2 at 3.) However, in the supplemental motion (Document 35), Plaintiff asks for attorneys' fees in the amount of $13,667.50 and costs in the amount of $736.74 for a total of $14,404.24. (Document 35-1 at 2.)

Mr. Morgan contends this case required a normal level of experience and skill. (Document 16-2 at 3-4.) Additionally, Mr. Morgan states that he has been compensated for his services and his costs were nominal. (*Id*. at 4.) Mr. Morgan also indicates the Plaintiff was charged the

3

customary fees for similar work and that his work met all of his client's expectations. (*Id*.) Further, Plaintiff states that "the time limits were normal; the amount in controversy was substantial; [and] the results have been satisfactory to date[.]"(Document 16 at 3.)  Finally, Mr. Morgan indicates that the undesirability of the case and the nature of the attorney-client relationship are not factors in this case. (*Id*.)

The Court first calculates the "lodestar" amount.  Upon consideration of the motion, the facts of this case, and the Plaintiff's itemization of billable hours filed under seal (Document 35-2), the Court finds the 68.30 hours of work performed at a rate of $200.00 per hour to be reasonable taking into account Mr. Morgan's experience; the research, analysis, negotiations and writing skills required to perform the legal services in this case; and the customary fee charged in this locale.  Likewise, the Court finds the .10 hours of work at a rate of $75.00 to be reasonable. Therefore, the Court finds that multiplying the number of reasonable hours expended by the reasonable rate produces a lodestar amount of $13,667.50 in fees.  It does not appear that any of the hours billed (Document 35-2) were excessive, redundant, or otherwise unnecessary, and Plaintiff prevailed on all of its claims by way of default.  The Court finds no reason to vary from the lodestar amount and awards Plaintiff's attorneys' fees in the amount of $13,667.50. Additionally, the Court finds the costs incurred in this case to be reasonable and necessary. Therefore, the Court awards Plaintiff costs in the requested amount of $736.74.

### *III.*

WHEREFORE, as discussed herein, the Court does hereby **ORDER** that Plaintiff's Interim Motion for Attorneys' Fees (Document 16) and Plaintiff's Supplemental Motion for

Attorneys' Fees and Costs (Document 35) be **GRANTED** and **AWARDS** a total of $13,667.50 in fees and $736.74 in costs, resulting in a total award of $14,404.24.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 2, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA